No. 03-246

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 48

JUDY ROOS,

        Petitioner and Appellant,

    v.

KIRCHER PUBLIC SCHOOL BOARD OF TRUSTEES,
SCHOOL DISTRICT NO. 3,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
                     In and for the County of Custer, Cause No. DV-2002-8,
                     The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Ingrid Gustafson, Graves, Toennis & Gustafson, P.C., Billings, Montana

        For Respondent:

        Michael Dahlem, Attorney at Law, Missoula, Montana


                Submitted on Briefs:  September 25, 2003

                        Decided:  March 2, 2004

Filed:


_____
                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 The Kircher Elementary School District Board of Trustees (School District) did not renew the teaching contract of Judy Roos (Roos) and Roos appealed the decision to the Custer County Superintendent of Schools (County Superintendent). The School District filed a motion to dismiss arguing the County Superintendent did not have subject matter jurisdiction and the County Superintendent denied the motion. The School District appealed denial of the motion to dismiss to the State Superintendent of Public Instruction (State Superintendent). Reversing the County Superintendent, the State Superintendent ruled in favor of the School District. Roos appealed the State Superintendent's decision to Montana's Thirteenth Judicial District Court, Yellowstone County. The District Court affirmed the State Superintendent. Roos appeals the decision of the District Court. We affirm.

¶2 The sole issue on appeal is whether the District Court erred when it affirmed the State Superintendent of Public Instruction's Decision and Order granting the School Board's motion to dismiss for lack of jurisdiction.

BACKGROUND

¶3 On May 20, 1999, the Kircher Elementary School District Board of Trustees voted not to renew the contract of Judy Roos, a nontenured teacher, for the 1999-2000 school year. Roos had taught for the School District for the prior three school years. At the time of her nonrenewal, the School District's Policy 302.3 provided that:

> During the first three (3) years of employment, a teacher has probationary status. Probationary teachers will be notified on or before the first day of May as to whether they will or will not be contracted for the next school year. The board will consider evaluations, administrative recommendations, and community input when making its decision to offer a contract to a nontenured teacher (20-4-206, MCA).

Section 20-4-206, MCA, provides:

2

**Notification of nontenure teacher reelection–acceptance–termination.**
(1) The trustees shall provide written notice by June 1 to each nontenure teacher employed by the district regarding whether the nontenure teacher has been reelected for the ensuing school fiscal year. A teacher who does not receive written notice of reelection or termination is automatically reelected for the ensuing school fiscal year.
. . . .
(3) Subject to the June 1 notice requirements in this section, the trustees may nonrenew the employment of a nontenure teacher at the conclusion of the school fiscal year with or without cause.

¶4     Roos filed a grievance regarding the nonrenewal of her contract asserting that the School District violated its own policies and Montana statute. Roos alleged she was not given notice by May 1, as required by Policy 302.3, and that the School District did not consider her evaluations and community input. The School District denied Roos' grievance.

¶5     Roos then filed a "Notice of Controversy Appeal" with the Custer County Superintendent of Schools claiming the right to a contested case hearing before the County Superintendent pursuant to Rule 10.6.102, ARM, which provides:

SCHOOL CONTROVERSY MEANS CONTESTED CASE
(1) Contested case means any proceeding in which a determination of legal rights, duties or privileges of a party is required by law to be made after an opportunity for hearing.

Rule 10.6.103(1), ARM, provides that "A person who has been aggrieved by a final decision of the board of trustees of a school district in a contested case is entitled to commence an appeal before the county superintendent."

¶6     The School District filed a motion to dismiss on the grounds the matter was not a "contested case" within the meaning of Rules 10.6.102 and 10.6.103, ARM, and the County Superintendent therefore lacked jurisdiction. The County Superintendent denied the motion and the School District appealed to the State Superintendent. The State Superintendent reversed the County Superintendent and dismissed Roos' appeal. Roos next appealed to the

3

District Court. The District Court affirmed the State Superintendent, concluding that Roos did not present a "contested case." Before this Court is Roos' appeal from the District Court's order.

## STANDARD OF REVIEW

¶7 A district court reviews an administrative agency's findings of fact to determine whether they are clearly erroneous in view of the reliable, probative and substantial evidence in the whole record. *Baldwin v. Board of Chiropractors*, 2003 MT 306, ¶ 10, 318 Mont. 188, ¶ 10, 79 P.3d 810, ¶ 10; § 2-4-704, MCA. An agency's conclusion of law will be upheld by a district court if the agency's interpretation of the law is correct. *Baldwin,* ¶ 10. We in turn employ the same standards when reviewing the district court's decision, and must accordingly determine whether an agency's findings of fact are clearly erroneous and whether its conclusions of law were correct. *Baldwin,* ¶ 10.

## DISCUSSION

¶8 Did the District Court err when it affirmed the State Superintendent of Public Instruction's Decision and Order granting the School Board's motion to dismiss for lack of jurisdiction?

¶9 Roos argues the District Court erred when it concluded she did not present a contested case and affirmed the State Superintendent's decision to dismiss her case for lack of jurisdiction. As we stated above, Rule 10.6.102, ARM, which provides that a contested case is "any proceeding in which a determination of legal rights, duties or privileges of a party is required by law to be made after an opportunity for hearing." Pursuant to Rule 10.6.103, ARM, a person with a contested case is entitled to a hearing. See also § 2-4-102(4), MCA. Roos claims she was entitled to a hearing because the School District failed to follow its own

4

Policy 302.3, which stated she was to be notified on or before May 1 as to whether the School District was renewing her contract. She asserts that Policy 302.3 afforded her greater rights than did state statute, which required the School District to notify her by June 1, pursuant to § 20-4-206, MCA.

¶10    As the School District points out, an aggrieved person must be able to identify a legal right to contest a school board's decision; absent a statutory or constitutional right to a hearing, a county superintendent does not have jurisdiction to hear a matter. In *Bland v. Libby School District* (1993) (OSPI 205-92, 12 Ed. Law 76), the State Superintendent stated, "To be appealable to the County Superintendent the policy decision at issue must be governed by a statute that grants an administrative hearing or an interest constitutionally protected by due process must be at stake . . . . When the Legislature intends to provide contested case proceedings it enacts a statute stating that there is a right to a hearing." *Bland,* 12 Ed. Law at 78. The State Superintendent further stated in *Bland*:

> Simply because a disagreement occurs in a school does not mean the school district, the county or the state must provide a contested case hearing to resolve it. Just as there must be a cause of action in District Court, there must be a constitutional interest at stake or a statutory right to a hearing before the dispute rises to the level of contested case.

*Bland*, 12 Ed. Law at 78.

¶11    Furthermore, in *Irving v. School District No. 1-1A* (1991), 248 Mont. 460, 813 P.2d 417, we upheld the State Superintendent's decision that a teacher denied contract renewal did not have the right to appeal. We stated that, "Nowhere in . . . the statutes . . . is [the teacher] given a right to appeal her non-renewal. Moreover, as a non-tenured teacher she has no legally recognized property right in a new contract." *Irving*, 248 Mont. at 465, 813 P.2d at 420.

5

¶12     Although Policy 302.3 states that the School District must notify teachers by May 1, whereas § 20-4-206, MCA, requires notification by June 1, Roos' appeal still must fail. Roos alleges the School District violated its own Policy 302.3.  She does not allege any violation of state statute that grants an administrative hearing or constitutionally protected interest.  Furthermore, if the Legislature adopts a statewide standard, it must be followed by the school districts. Therefore, we conclude the District Court properly held that the County Superintendent did not have jurisdiction to hear Roos' claims as a contested complaint.  We affirm the District Court.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

6