No. 04-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 318

BELGRADE EDUCATION ASSOCIATION, MEA-MFT,
AFT, AFL-CIO, and LEEANN SHANE,

          Applicants and Appellants,

   v.

BELGRADE SCHOOL DISTRICT NO. 44, and
Its Trustees, Pat Hensleigh, Jim Wiley, Danny Welch
Robert Marx, Angela Johnson, Rebecca E. Huntsman,
Sherie Jolliff, and Herb Benz,

          Respondents and Respondents.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-03-474
                Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

            J.C. Weingartner, Attorney at Law, Helena, Montana

       For Respondent:

            Debra Silk, Tony Koenig, Montana School Boards Association,
            Helena, Montana

Submitted on Briefs: July 27, 2004

Decided: November 12, 2004

Filed:

_____
                  Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 The Belgrade Education Association, MEA-MFT, AFT, AFL-CIO, and LeeAnn Shane appeal from the Order entered by the Eighteenth Judicial District Court, Gallatin County, denying their application for a writ of mandate and granting a motion to quash the application. We reverse and remand.

¶2 The restated issue on appeal is whether the District Court erred in denying the application for a writ of mandate and granting the motion to quash it.

## BACKGROUND

¶3 LeeAnn Shane is a former employee of Belgrade School District No. 44 (School District). The Belgrade Education Association, MEA-MFT, AFT, and AFL-CIO (collectively, the Association), the exclusive representative of School District employees, had entered into a collective bargaining agreement (CBA) with the School District. When Shane terminated her employment with the School District, she requested longevity pay pursuant to a CBA provision. The School District denied her request based on its view she was not entitled to the longevity pay. The Association then filed a grievance on Shane's behalf. When the parties failed to resolve the dispute administratively, Shane and the Association requested submission of the grievance to binding arbitration.

¶4 The School District denied the request. It determined that, under Section 4.6, Subd. 2, of the CBA, the dispute could be submitted to arbitration only upon the mutual consent of the parties. Section 4.6 is captioned ARBITRATION; Subd. 2, entitled "Mutual Agreement Required," provides that "[i]tems aside from Article II, Subsection 2.2 [regarding

2

disciplinary action] may only be arbitrated by the Arbitrator by mutual agreement of the Association and the Board."

¶5 Shane and the Association applied to the District Court for a writ of mandate ordering the School District to submit the grievance to arbitration. They asserted that the CBA's "mutual agreement" provision and the School District's refusal to arbitrate violated § 39-31-306(5), MCA, and that Shane had no other plain, speedy or adequate remedy in law. The School District responded and filed a motion to quash, to which Shane and the Association replied. After a hearing, the District Court denied the application for a writ of mandate and granted the motion to quash. Shane and the Association appeal.

## STANDARD OF REVIEW

¶6 A district court's issuance or denial of a writ of mandate is a conclusion of law that we review for correctness. *Common Cause of Montana v. Argenbright* (1996), 276 Mont. 382, 390, 917 P.2d 425, 429 (citations omitted).

## DISCUSSION

¶7 Section 27-26-102, MCA, which authorizes the issuance or denial of writs of mandate, provides the following:

> (1) A writ of mandamus may be issued by the supreme court or the district court or any judge of the district court to any lower tribunal, corporation, board, or person to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is unlawfully precluded by the lower tribunal, corporation, board, or person.
> (2) The writ must be issued in all cases in which there is not a plain, speedy, and adequate remedy in the ordinary course of law.

3

The clear legal duty referenced in subsection (1) cannot be a mere discretionary act. Once a clear legal duty is established, the trial court must issue a writ of mandate if no speedy and adequate remedy exists. *See Smith v. County of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, ¶ 28, 992 P.2d 834, ¶ 28 (citations omitted).

¶8     The statute at issue in the present case is § 39-31-306(5), MCA, which states, in part, that "[a]n agreement to which a school is a party must contain a grievance procedure culminating in final and binding arbitration of unresolved and disputed interpretations of agreements." Section 39-31-306(5), MCA, also provides that "[t]he aggrieved party may have the grievance or disputed interpretation of the agreement resolved either by final and binding arbitration or by any other available legal method and forum, but not by both."

¶9     The District Court concluded that § 39-31-306(5), MCA, does not require mandatory arbitration of all disputes and does not preclude the parties to a collective bargaining agreement from negotiating which matters will be subject to arbitration. It determined the CBA–including the "mutual agreement" arbitration provision for non-disciplinary actions--governed the method by which the parties resolved disputes and was consistent with § 39-31-306(5), MCA. Thus, the District Court implicitly concluded that Shane and the Association had not established a clear legal duty the School District could be compelled to perform. The court also determined that Shane and the Association had other plain, speedy and adequate remedies.

*Legal Duty*

¶10     Shane and the Association first contend the School District failed to perform its legal

4

duty under § 39-31-306(5), MCA, to include a provision for final and binding arbitration of disputed interpretations of the CBA and to comply with an aggrieved party's election to arbitrate. In response, the School District argues that § 39-31-306(5), MCA, does not require mandatory arbitration of all disputes arising under a collective bargaining agreement with a school. The School District asserts § 39-31-306(5), MCA, must be read as a whole, and posits the statute either permits or requires grievants to choose between arbitration and district court, but does not set forth a clear legal duty to arbitrate. It also argues that, if arbitration were mandatory for every dispute, the statute's language regarding alternative methods of dispute resolution would be meaningless. The School District is correct that the statute must be read as a whole. *See David v. State Compensation Mut. Ins. Fund* (1994), 267 Mont. 435, 440, 884 P.2d 778, 781 (citation omitted). Doing so, however, does not result in the conclusion the School District seeks.

¶11    The first sentence of § 39-31-306(5), MCA, states that "[a]n agreement to which a school is a party *must* contain a grievance procedure culminating in final and binding arbitration of unresolved and disputed interpretations of agreements." (Emphasis added.) This plain language reflects the Legislature's clear intent that an agreement with a school must include a grievance procedure resulting in binding arbitration for unresolved or disputed contract interpretations. The mandatory language stands in stark contrast to the permissive language of § 39-31-306(2), MCA, which states that "[e]xcept as provided in subsection (5), an agreement *may* contain a grievance procedure culminating in final and binding arbitration of unresolved grievances and disputed interpretations of agreements."

5

(Emphasis added.)

¶12   Section 39-31-306(5), MCA, goes on to provide that "[t]he aggrieved party may have the grievance or disputed interpretation of the agreement resolved either by final and binding arbitration or by any other available legal method and forum, but not by both." This provision expressly and unambiguously vests in the aggrieved party the right to elect the binding arbitration required to be contained in the agreement or another legal method or forum for dispute resolution. We presume the Legislature does not enact meaningless legislation. *Peris v. Safeco Ins. Co.* (1996), 276 Mont. 486, 492, 916 P.2d 780, 784 (citation omitted). The statutory right of election in § 39-31-306(5), MCA, would be meaningless--indeed, substantively nonexistent--if a school district were allowed to disregard the aggrieved party's election. The first two sentences of § 39-31-306(5), MCA, read together and with § 39-31-306(2), MCA, require a binding arbitration provision and afford the aggrieved party the right of electing arbitration or another method of resolution.

¶13   The remainder of § 39-31-306(5), MCA, provides that

> [a]fter a grievance has been submitted to arbitration, the grievant and the exclusive representative waive any right to pursue against the school an action or complaint that seeks the same remedy. If a grievant or the exclusive representative files a complaint or other action against the school, arbitration seeking the same remedy may not be filed or pursued under this section.

Nothing in this language contradicts the rights and duties set forth in the first two sentences. Indeed, these provisions follow logically by clarifying that, once an aggrieved party has elected a dispute resolution method or forum, the party is bound by the election and cannot thereafter seek the same remedy via a different method or forum.

6

¶14 Moreover, the School District's contention that the alternative dispute resolution methods available under § 39-31-306(5), MCA, would be meaningless if arbitration were mandatory is entirely without merit. Arbitration is not mandatory pursuant to § 39-31-306(5), MCA. What *is* mandatory is the inclusion of an agreement with a school of a grievance procedure "culminating in final and binding arbitration." The aggrieved party may elect arbitration or another form of dispute resolution.

¶15 We conclude that § 39-31-306(5), MCA, read as a whole, imposes legal duties on a school to include a grievance procedure culminating in final and binding arbitration of disputed interpretations of a collective bargaining agreement and to comply with an aggrieved party's election of arbitration as the chosen method for resolution of a dispute under such an agreement.

¶16 The School District asserts, however, that its refusal to arbitrate was in accord with the Association's negotiated CBA provision to arbitrate non-disciplinary matters only upon mutual consent, and that this provision constituted the Association's "election" pursuant to the statute. Specifically, the School District argues that nothing in § 39-31-306(5), MCA, precludes parties to a collective bargaining agreement from "pre-selecting" methods of resolution for particular disputes and, therefore, the statute was not violated. Shane and the Association contend that the mutual consent provision is contrary to § 39-31-306(5), MCA, and is therefore unlawful and unenforceable.

¶17 As discussed above, § 39-31-306(5), MCA, grants the aggrieved party the right to elect arbitration or another means of dispute resolution. At the time the CBA was negotiated

and executed, no grievance existed thereunder and, therefore, no aggrieved party could exercise the statutory right of election. Insofar as it limits or denies an aggrieved party the statutory right to elect arbitration or another means of dispute resolution in a dispute under the agreement, the mutual consent provision is contrary to § 39-31-306(5), MCA. Therefore, the School District is incorrect that the statute allows for pre-selection. Section 28-2-701(1), MCA, provides that something is unlawful if it is "contrary to an express provision of law." Pursuant to § 28-2-707, MCA, any provision in a contract which is unlawful is void. *See Wolfe v. Webb* (1992), 251 Mont. 217, 228, 824 P.2d 240, 246. Therefore, because the mutual consent provision is contrary to § 39-31-306(5), MCA, it is unlawful and void.

¶18 For purposes of clarity, we observe that we recently decided *Mackay v. State*, 2003 MT 274, 317 Mont. 467, 79 P.3d 236. There, in a case involving former employees of the Montana University System, we stated that "an employee covered by a CBA that contains a grievance procedure must exhaust that remedy before bringing suit." *Mackay*, ¶ 25 (citations omitted). *Mackay* is readily distinguishable from the present case in that, while § 39-31-306(5), MCA, was mentioned in response to a dissenting opinion, we did not address the statute on its merits. We declined to address it on procedural grounds. *Mackay*, ¶ 26. In the instant case, the issue squarely before us is whether the statutory requirements set forth in § 39-31-306(5), MCA, "trump" negotiated grievance procedures which do not comply with state law regarding this CBA with the School District. In the context presented here, we have concluded that they do.

¶19 We conclude that, by failing to arbitrate when Shane elected to do so, the School

8

District violated its clear legal duty under § 39-31-306(5), MCA. We further conclude the legal duty requirement for a writ of mandate set forth in § 27-26-102(1), MCA, is satisfied.

*Plain, speedy and adequate remedy*

¶20 As stated above, once a petitioner for a writ of mandate establishes a clear legal duty, the writ must be granted if no speedy and adequate remedy exists. *See* § 27-26-102(2), MCA; *Smith*, ¶ 28. Here, the District Court determined that Shane and the Association had a plain, speedy and adequate remedy because they could seek redress of the grievance through an available legal method or forum other than arbitration. Shane and the Association assert error because they have no remedy for the School District's refusal to honor the election to arbitrate. The School District contends the District Court correctly determined that the underlying issue of longevity pay could be pursued by other means, including a lawsuit in district court. The School District misperceives the nature of the plain, speedy and adequate remedy at issue here.

¶21 The application by Shane and the Association did not request that a writ of mandate issue to compel the School District to compensate Shane for longevity pay; rather, the request was to compel arbitration. Initiating a civil action requesting longevity pay in district court would not remedy the School District's refusal to arbitrate and would not provide the relief sought in the application. Therefore, we conclude the criterion of § 27-26-102(2), MCA, requiring the absence of a plain, speedy and adequate remedy, is satisfied here. Having determined that both subsections of § 27-26-102, MCA, are satisfied, we further conclude that a writ of mandate must issue to compel the School District to arbitrate the grievance.

9

¶22     We hold that the District Court erred in denying the application for a writ of mandate

and granting the motion to quash it.

¶23     Reversed and remanded.


                                                    /S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER