Justice Beth Baker delivered the Opinion of the Court.
***265 ¶ 1 Kenneth E. O'Brien filed a petition for a writ of mandate with the Eleventh Judicial District Court, Flathead County, requesting that the court compel and command the Flathead County Treasurer to issue him a tax deed or appear and show cause why it should not do so. The District Court denied the petition. O'Brien appeals. We affirm the court's denial of a writ of mandate.
PROCEDURAL AND FACTUAL BACKGROUND
¶ 2 In July 2013, Flathead County purchased a tax lien on Lot 4, ***266 Block 1, of Hillcrest Terrace after the property taxes became delinquent. The owner and occupant, James Ralph Connor, did not redeem the property within the thirty-six month redemption period. After the redemption period ended, the County assigned the tax lien to K&J Investments, LLC. O'Brien is a member of K&J Investments. The County sent notice to K&J Investments in January 2017 that the company must provide the notice required under § 15-18-212(1)(b), MCA, within 120 days to the occupant of the property and to each party listed on a property title guarantee, or the County would cancel K&J Investment's property tax lien.
¶ 3 K&J Investments mailed the required notice to the property owner, Connor, on February 17, 2017, and provided proof of notice to the County on March 1, 2017. The notice stated that the redemption period expired on April 21, 2017. K&J Investments mailed the required notice to the occupant of the property on March 10, 2017, and provided proof of notice to the County on March 23, 2017. The notice to the occupant stated that the redemption period expired on May 17, 2017. Both notices were returned unclaimed. O'Brien explains that K&J Investments sent two separate notices with different expiration dates because the County informed K&J Investments that it must send a separate notice to the occupant of the property, even though Connor was both the owner and the occupant.
¶ 4 O'Brien alleged in his petition that on or about May 31, 2017, Flathead County Treasurer, Adele Krantz, allowed Connor to redeem the property. After Connor redeemed the property, K&J Investments attempted to tender a check for the redemption proceeds and requested that a tax deed be issued. The County Treasurer declined to issue a tax deed, informing K&J Investments *574 that the taxpayer has the right to redeem the property up until the time a tax deed is issued.
¶ 5 In September 2017, K&J Investments assigned its interest in the property to O'Brien. Two months later, O'Brien filed his petition for a writ of mandate, arguing that the County Treasurer had a statutory duty to issue a tax deed upon expiration of the time periods outlined in the notices from K&J Investments to the owner and occupant. The District Court denied the petition. O'Brien then filed a motion for reconsideration under Rule 60, which the District Court also denied. O'Brien never served the County Treasurer in the District Court proceedings, and the County did not file any responsive briefing. The County has filed a brief on appeal, and O'Brien has replied.
STANDARD OF REVIEW
¶ 6 We review a district court's decision to issue or deny a writ of mandamus for correctness.
***267 Victor Fed'n of Teachers Local 3494 v. Victor Sch. Dist. No. 7 , 2018 MT 72, ¶ 9, 391 Mont. 139, 414 P.3d 1284.
DISCUSSION
¶ 7 O'Brien argues that the District Court incorrectly denied his petition for a writ of mandate because the County Treasurer has a clear legal duty to issue him a tax deed. He maintains that § 15-18-211, MCA, requires the County Treasurer to issue a tax deed to the purchaser of a property tax lien if property is not redeemed within the time allowed under the statutes. Section 15-18-211(1), MCA (2015) ("[I]f the property tax lien is not redeemed in the time allowed under 15-18-111, the county treasurer shall grant the purchaser a tax deed for the property.").[1] He argues that the period for redemption expired on April 21, 2017, or on May 17, 2017, and that after this time the County Treasurer was obligated to issue a tax deed for the property in question. O'Brien contends that a writ of mandate is appropriate because he does not have an adequate remedy at law.
¶ 8 "A writ of mandamus compels 'the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station.' " Victor Fed'n of Teachers Local 3494 , ¶ 13 (quoting Citizens for a Better Flathead v. Bd. of Cnty. Comm'rs , 2016 MT 325, ¶ 58, 385 Mont. 505, 386 P.3d 567 ); see § 27-26-102(1), MCA. A writ of mandate is available when "(1) the party who applies for it is entitled to the performance of a clear legal duty by the party against whom the writ is sought; and (2) there is no speedy and adequate remedy available in the ordinary course of law." Citizens for a Better Flathead , ¶ 58 (internal quotations omitted). "To constitute an adequate remedy, the alternative must be one that itself enforces the performance of the particular duty." Jefferson County v. Dep't of Envtl. Quality , 2011 MT 265, ¶ 30, 362 Mont. 311, 264 P.3d 715 (internal quotation omitted).
¶ 9 Section 70-28-101, MCA, authorizes an action "by any person or persons ... claiming title to real estate against any person or persons ... who claim or may claim any right, title, estate, or interest therein ... adverse to plaintiff's ownership ... for the purpose of determining such claim or possible claim and quieting title to said real estate." Section 15-18-411, MCA, addresses quiet title actions "brought to set aside or annul any tax deed or to determine the rights of a purchaser to real property claimed to have been acquired through tax proceedings or a ***268 tax lien sale." Section 15-18-412, MCA, sets forth the procedures to be followed for the proceedings described in § 15-18-411, MCA, and incorporates procedures governing quiet title actions as specified in § 70-28-101 through -109, MCA. See Section 15-18-412(5), MCA. Sections 70-28-101 through -113, MCA, provide for actions to quiet title to real estate generally, and §§ 15-18-411 through -412, MCA, provide *575 specific procedures for quiet title actions involving property rights that a party claims to have acquired through a tax deed or tax lien sale. See Getter v. Beckman , 236 Mont. 377, 380, 769 P.2d 714, 716 (1989). In a proceeding under § 15-18-411, MCA, a district court has the authority to order the delinquent taxpayer to make a deposit for the costs of the delinquency with the court and, if the taxpayer fails to do so, to enter a decree "quieting the title of the purchaser as against the true owner." Section 15-18-412(2)(a), MCA. The district court also is authorized "to order the department or any tax officer ... to do any other act necessary to enable the court to do complete justice." Section 15-18-412(7), MCA.
¶ 10 O'Brien maintains that §§ 15-18-411 and -412, MCA, are applicable only in actions where a tax deed already has issued. He claims to have acquired an interest in Lot 4, Block 1, of Hillcrest Terrace through "tax proceedings or a tax lien sale," but insists that § 15-18-411, MCA, provide him with no cause of action because the County Treasurer has not issued him a tax deed. See § 15-18-411(1)(a), MCA. The plain language of § 15-18-411, MCA, however, clearly contemplates an action either to quiet title to a tax deed or "to determine the rights of a purchaser to real property claimed to have been acquired through tax proceedings or a tax lien sale." Section 15-18-411(1)(a), MCA. Thus, O'Brien may seek to quiet title through the processes provided in §§ 15-18-411 and -412, MCA, and §§ 70-28-101 through -109, MCA. The statutes provide the district court with sufficient authority to order the issuance of a tax deed "to do complete justice." See Section 15-18-412(7), MCA. The issues that O'Brien argues in his mandamus petition may be raised and developed in a quiet title action. A quiet title action provides O'Brien with a speedy and adequate remedy in the ordinary course of law. The District Court correctly determined that O'Brien was not entitled to a writ of mandate.
CONCLUSION
¶ 11 The District Court order is affirmed.
We concur:
INGRID GUSTAFSON, J.
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.

The statutes governing tax liens and tax lien sales were amended in 2017. See 2017 Mont. Laws ch. 67. The 2017 amendments apply only to tax delinquencies that begin on or after the effective date of the act, March 2, 2017. See 2017 Mont. Laws ch. 67, §§ 45, 46. The delinquency at issue in this case arose before the effective date. All references to statutes in this Opinion are to the 2015 Montana Code Annotated.