No. 14903

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

STATE OF MONTANA, ex rel.,
JACK E. POPHAM,

                      Relator,

    vs.

HAMILTON CITY COUNCIL, and
HAMILTON BOARD OF ADJUSTMENT,

                      Respondents.

_____

Appeal from: District Court of the Fourth Judicial District,
            Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Relator:

        Jeffrey H. Langton argued, Hamilton, Montana

    For Respondents:

        Koch and McKenna, Hamilton, Montana
        D. W. McKenna argued, Hamilton, Montana

_____

                  Submitted: December 11, 1979

                    Decided: DEC 21 1979

Filed:

                                      Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Relator, Jack E. Popham, petitioned for a writ of mandamus in the District Court. The presiding judge issued an alternative writ of mandamus ordering respondents to comply with the demands of the petition or show cause why they should not do so. At the show cause hearing the respondents, Hamilton City Council (City) moved the court to dismiss. The court granted the motion to dismiss. Relator appeals from the order of dismissal.

In 1974 the City adopted Hamilton City Ordinance No. 411 (Ordinance). This Ordinance established certain zoning districts, regulations and restrictions, and created the respondent Hamilton Board of Adjustment.

The relator is a property holder and a resident of the City. On December 18, 1978, the owners of certain property located within the boundary of the City opened a child care center under the name of "Sunshine Child Care Center." At this time the block where the child care center was located was zoned "C-1", "Central Business District."

On December 18, 1978, relator petitioned the respondents to enforce the ordinance by directing the city attorney to enjoin the violation which was allegedly caused by the child care center being located in a C-1 area. At this time respondents summarily approved the child care center.

On February 19, 1979, the City rezoned the block where the child care center was located from "C-1" to "RS" "Single Family Residential District." On March 19, 1979, the City was again tendered a petition demanding that they deal with the child care center in conformance with applicable state law and the Ordinance. The City summarily dismissed the petition.

As a result of the foregoing, the relator petitioned the

District Court for a writ of mandamus. The petition prayed that the District Court issue an alternative writ of mandamus directing the City to rescind its approval of the child care center, require the owners of the center to submit a variance permit or conditional use permit application, meet and vote on the recommendation at a regular, public meeting of the City Council, or to show cause why respondent should not comply with said writ.

At the show cause hearing the City moved that the petition be dismissed on the grounds that the City was under no clear legal duty. The City alleged that the application of the Ordinance required an exercise of discretion and that the writ was therefore improperly before the District Court. The District Court granted this motion because the Ordinance was " . . . loosely enough drawn that it gives the Council some discretion . . ."

The only issue we find necessary to discuss is whether the remedy of mandamus is proper in this case.

The issuance of a writ of mandamus is controlled by statute. Section 27-26-102, MCA, sets out the circumstances under which this writ may issue. This statute provides:

> "(1) It may be issued by the supreme court or the district court or any judge of the district court to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.
>
> "(2) The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law."

In the instant case the City approved the child care center in a C-1 area. After the area was rezoned as "RS" (Single Family Residential District) the use was automatically permitted under a nonconforming use provision of the Ordinance. This provision

- 3 -

states, in part:

> "A lawful use of land on the effective date of these regulations or its amendment which is made no longer permissible by the terms of these regulations or its amendment may be continued if it remains otherwise lawful . . ."

Therefore, if the child care center was properly approved under a "C-1" designation, then the center would be a lawful use under the "RS" designation. (We make no decision at this time whether the initial approval of the day care center by the City was proper under the Ordinance.)

In Montana, a writ of mandate will not lie to correct or undo an action already taken. Melton v. Oleson (1974), 165 Mont. 424, 432, 530 P.2d 466, 470. This Court has had occasion to make the following observation concerning this writ:

> "It is axiomatic that an action already done may not be undone by mandamus. It lies only to compel the performance of an act, section 93-9102, R.C.M. 1947, not to correct errors. 'The writ of mandamus is used to stimulate action pursuant to some legal duty and not to cause the respondent to undo action already taken, or to correct or revise such action, however erroneous, it may have been.'" (Citations omitted.) State ex rel. Thompson v. Babcock (1966), 147 Mont. 46 at 50, 409 P.2d 808 at 810.

In the instant case the City has acted. They summarily approved the day care center as a permissible use. Whether this was an erroneous decision or whether it was accomplished through an erroneous procedure are past and completed acts not reviewable by a writ of mandate.

As a result, this case was improperly brought on a writ of mandate. The District Court was correct in granting the City's motion to dismiss.

Affirmed.

_Frank B. Haswell_
_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea concurs:

I agree with the majority opinion that a writ of mandate was not the proper method by which to challenge the legality of the action taken by the City of Hamilton. I believe, however, that pursuant to section 76-2-327, MCA, the plaintiff here has a remedy by which to challenge the action taken by the City of Hamilton. The remedy is by writ of review or certiorari, and I believe it may still be available to the plaintiff.

_____
Justice

- 5 -