Justice Jim Rice delivered the Opinion of the Court.
***72 ¶1 Carter Boehm appeals from the denial of his petition for writ of mandate by the Sixth Judicial District Court, Park County. We affirm and address the following issue:
Did the District Court err by quashing Boehm's petition for writ of mandate?
***73 FACTUAL AND PROCEDURAL BACKGROUND
¶2 Boehm owns property located in the 9th Street island floodplain on the Yellowstone River near Livingston. Boehm operated an unpermitted "cesspool" septic system on the property, and wanted to install a permitted septic system. On March 24, 2016, Boehm submitted a septic permit application to the Park County Environmental Health Department. On March 29, Park County Sanitarian and Floodplain Administrator, Barbara Woodbury, approved the application and issued a permit for Boehm to construct the system.
¶3 Soon thereafter, Woodbury retired and Park County appointed Craig Caes as the new Sanitarian. Caes reviewed Boehm's application and identified several deficiencies that would, in his determination, allow the proposed septic system to be operated in violation of the Park County Water Onsite Treatment Regulations (Regulations), and potentially create a threat to public health. Consequently, on May 27, Caes mailed Boehm a certified letter informing him the permit issued to him "has been voided" and instructing him to cease construction of the septic system, citing the following grounds, in summary:
(1) Boehm had failed to complete the required section on the permit application indicating that the property was in a floodplain, the omission of which constituted a material misrepresentation under Regulation 9.2, entitling Caes to void the permit;
(2) Because Boehm had failed to disclose that his property was in a floodplain, the required floodplain 100-foot setback boundary had not been addressed *791 in the application, in violation of Admin. R. Mont. 17.36.918(1); and
(3) Boehm had incorrectly classified his proposed septic system as being a "replacement" system rather than a "new" system, as there had never been a permitted system in place on Boehm's property.[1]
In the letter, Caes addressed re-applying for a permit to construct a "new" septic system and complying with the floodplain requirements, including the need for a variance from the Park County Board of Health, but also advised that "variances are not guaranteed."
¶4 Boehm filed a Petition for Writ of Mandate and Complaint for ***74 Libel in the District Court, seeking an order "directing that Park County rescind its cease and desist order of May 27, 2016." Park County moved for summary judgment, which the District Court granted, quashing Boehm's petition. The court reasoned that Boehm was not seeking to enforce a legal duty not yet performed, but rather "to undo the action already taken by Park County, that of voiding his Septic Permit," which was, "as a matter of law, not a simple, ministerial task," but instead a discretionary action. Thus, the court determined that a writ of mandate was inapplicable.
¶5 Boehm appeals the denial of his petition for writ of mandate.[2]
STANDARD OF REVIEW
¶6 We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court. Pilgeram v. GreenPoint Mortg. Funding, Inc. , 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839 (citations omitted). We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. Pilgeram , ¶ 9 (citations omitted).
¶7 A district court's decision to issue or deny a writ of mandate is a conclusion of law that we review for correctness. W. Mont. Water Users Ass'n v. Mission Irrigation Dist. , 2013 MT 92, ¶ 14, 369 Mont. 457, 299 P.3d 346 (citations omitted).
DISCUSSION
¶8 Did the District Court err by quashing Boehm's petition for a writ of mandate?
¶9 A writ of mandate is "an extraordinary remedy" available in only "rare" cases. State ex rel. Thomas v. District Court of Seventeenth Judicial Dist. In and For Valley County , 224 Mont. 441, 442, 731 P.2d 324, 324-25 (1986) (citations omitted). Section 27-26-102, MCA, sets forth two requirements that must be met by a party seeking a writ of mandamus. "The writ is available where the party applying for it is entitled to performance of a clear legal duty by the party against whom the writ is sought and there is no speedy and adequate remedy in the ordinary course of law." Best v. Police Dep't of Billings , 2000 MT 97, ¶ 14, 299 Mont. 247, 999 P.2d 334 (citing § 27-26-102, MCA ). "If the first part of the standard is not met-that is, if no clear legal duty is established-issuance of the writ is barred." Best , ¶ 14 (citations omitted).
***75 ¶10 A "clear legal duty" cannot "be a mere discretionary act." Belgrade Educ. Ass'n v. Belgrade Sch. Dist. No. 44 , 2004 MT 318, ¶ 7, 324 Mont. 50, 102 P.3d 517. Instead, the duty must involve a ministerial act. Smith v. Cnty. of Missoula , 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834 (citations omitted). To determine whether an act is ministerial or discretionary, we have explained:
[W]here the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion or judgment, *792 it is not to be deemed merely ministerial.
State ex rel. Sch. Dist. No. 29 v. Cooney , 102 Mont. 521, 529, 59 P.2d 48, 53 (1936) (citations omitted); Accord Smith , ¶ 28 ; Jefferson Cnty. ex rel. Bd. of Com'rs v. Dep't of Envtl. Quality , 2011 MT 265, ¶¶ 21-22, 362 Mont. 311, 264 P.3d 715.
¶11 Further, "[i]t is axiomatic that an action already done may not be undone by mandamus." State ex rel. Popham v. Hamilton City Council , 185 Mont. 26, 29, 604 P.2d 312, 314 (1979) (citations omitted). The writ of mandate is used "to stimulate action pursuant to some legal duty and not to cause the respondent to undo action already taken, or to correct or revise such action, however erroneous it may have been." Popham , 185 Mont. at 29, 604 P.2d at 314 (citations omitted). In Popham , the City approved a child day care center as a permissible use under its zoning regulations. Popham , 185 Mont. at 27, 604 P.2d at 313. Petitioner requested the district court issue a writ of mandamus to rescind the already approved child day care center. Popham , 185 Mont. at 27-28, 604 P.2d at 313. This Court quashed the petition, noting that "the City has acted" and its discretionary decision was "not reviewable by a writ of mandate." Popham , 185 Mont. at 29, 604 P.2d at 314 ; see also Beasley v. Flathead Cnty. Bd. of Adjustments , 2009 MT 120, ¶ 15, 350 Mont. 171, 205 P.3d 812 (a board's decision to deny the transfer of a conditional use permit is a completed act not reviewable by a writ of mandate).
¶12 Boehm challenges the District Court's determination that he is seeking to "undo" an act already done, arguing that he is requesting Park County to fulfill its duties under Montana law. He contends that Caes' action of voiding the permit was "an unsupported ministerial function" of revoking a valid permit, and that he was not acting with discretion because "the discretionary act of issuing the permit was done by his predecessor, Ms. Woodbury."
¶13 However, the uncontested facts are that the County had already ***76 acted by revoking or voiding Boehm's permit. Boehm's petition clearly sought an order countering that action, to direct Park County to "rescind its cease and desist order"-not to compel the county to perform an act it had not done. As noted above, mandamus is not available "to cause the respondent to undo action already taken, or to correct or revise such action, however erroneous it may have been." Popham , 185 Mont. at 29, 604 P.2d at 314 (citations omitted).[3]
¶14 Even if Boehm's petition could be read as seeking the affirmative action of issuance or re-issuance of a septic permit by the County, he would not be entitled to mandamus relief because such action is discretionary here. Caes' authority as Sanitarian for the Park County Board of Health originates with § 50-2-116, MCA, which allows the Board to "identify, assess, prevent and ameliorate conditions of public health" and "bring and pursue actions and issue orders necessary to abate, restrain, or prosecute the violation of public health laws, rules, and local regulations." Pursuant thereto, the Park County Regulations were adopted to ensure the "[s]afe disposal of all human and domestic wastes ... to protect the health of the individual family and community and to prevent the occurrence of nuisances." Regulations, Purpose. Generally, the Regulations explain that when the regulatory "criteria are met, and where soil and site conditions are favorable," individual sewage disposal *793 systems can provide "safe and satisfactory service." Regulations, Purpose. Septic permits may be issued only "upon compliance by the Applicant with provisions of these regulations." Regulations, 4.5. The Sanitarian may deny a permit if the proposed treatment system will not comply with the regulations, or the applicant has failed to supply all necessary data for the Sanitarian to decide whether the system is or is not compliant. Regulations, 6.1. A person violates the regulations by constructing a sewage system that may ***77 contaminate drinking water supply or cause a public health hazard. Regulations, 4.2.
¶15 Caes attested that he voided the permit because Boehm's application failed to disclose material information that would aid in the County's review and decision on the permit, and because Caes wished "to protect public health and a Montana waterway that could be negatively affected by [Boehm's] non-complaint Septic System and Drainfield." Therefore, Caes's voiding of the permit was a discretionary action in response to a public health concern, not a matter of him failing to act in violation of a duty to act. See State ex rel. Diehl Co. v. City of Helena , 181 Mont. 306, 311, 593 P.2d 458, 461 (1979) (the discretion of a city commission to approve or deny the issuance of a conditional use permit "cannot be controlled by writ of mandate[.]"). We have commonly held that decisions related to permitting, zoning, and variances are discretionary decisions, not ministerial tasks. See Beasley , ¶ 18 (the denial of a conditional use permit is a discretionary decision); State ex rel. Galloway, Inc. v. City of Great Falls , 211 Mont. 354, 359, 684 P.2d 495, 498 (1984) ("there is no legal duty" requiring a city to "approve any variance" but rather the act is "purely discretionary."); Citizens for a Better Flathead v. Bd. of Cnty. Comm'rs , 2016 MT 325, ¶ 59, 385 Mont. 505, 386 P.3d 567 (zoning is a legislative, not ministerial act).[4]
¶16 Boehm next argues that he was faced with "no avenue to pursue short of the writ of mandate," and thus he had no adequate remedy at law. Boehm contends that the voidance of his permit was an unconstitutional deprivation of due process, which he argues is governed by § 75-5-611, MCA, and § 75-5-404, MCA. While the lack of a clear legal duty itself bars issuance of a writ of mandate, Best , ¶ 14, we consider Boehm's argument that he was deprived of due process.
¶17 The fundamental requirements of procedural due process are ***78 notice and an opportunity for a hearing appropriate to the nature of the case. Montanans v. State ex rel. McGrath , 2006 MT 277, ¶ 30, 334 Mont. 237, 146 P.3d 759. The statutes cited by Boehm, §§ 75-5-404 and -611, MCA, generally provide notice and hearing procedures to be followed when addressing alleged violations of rules or permits issued by the Board of Environmental Review and the Department of Environmental Quality. See § 75-5-404, MCA ("If the department suspends or revokes a permit because it has reason to believe that the holder has violated this chapter .... Upon petition by the holder of the permit, the board shall grant the holder a hearing ....") (emphasis added); § 75-5-103(3), (8), MCA (defining "department" and "board" as the Department of Environmental Quality and the Board of Environmental Review, respectively). Statutes governing local boards commonly make express reference to those boards. See § 75-5-305(3), MCA ("An applicant for a variance from minimum requirements adopted by a local board of health pursuant to 50-2-116 may appeal the local board of health's final decision to the department ...."). Park County adopted local regulations pursuant to statutory authority *794 provided by § 50-2-116, MCA, entitled "Powers and duties of local boards of health," including regulations governing the notice and process to be followed by the Park County Sanitarian for asserted violations of local regulations. Regulations, 1.1. The Regulations provide that "[A]ny denial of a Permit shall be made with detailed reasons for such a denial ...." Regulations, 6.6. The notice "shall be in writing and shall state the violation, the required corrective action, and provide a reasonable time for correction." Regulations, 9.1. The Regulations also address the remedy available to applicants for adverse decisions. Regulations, 6.7 ("Decisions made by the Park County Board of Health may be appealed to the Montana Department of Environmental Quality pursuant to A.R.M. 17.36.924."). A decision by the Department is further "appealable to the district court under the provisions of Title 2, chapter 4, part 7." Section 75-5-305(5), MCA.
¶18 Caes' letter to Boehm gave notice of his decision and referenced potential remedies for him to pursue, including re-applying and seeking a variance, in accordance with Park County Regulations. Boehm could have corrected his application, addressed the floodplain issues, and/or applied for a variance. If denied a permit, Boehm could have appealed to the Department and, if necessary, to the district court. See Admin. R. Mont. 17.36.924; § 75-5-305, MCA. We have previously noted that the failure to exhaust administrative remedies precludes the issuance of a writ of mandate because there is otherwise a plain, speedy, and adequate remedy of law. See , e.g. , ***79 Christopherson v. State , 226 Mont. 350, 355, 735 P.2d 524, 527 (1987) ; Jefferson County , ¶¶ 29-35. We conclude that Boehm was not denied due process of law.
¶19 Affirmed.
We concur:
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.
LAURIE McKINNON, J.
INGRID GUSTAFSON, J.

Under the Park County Regulations, a "new" septic system required a non-degradation analysis, including testing of the soils, ground water levels, and completion of other requirements by a professional qualified to conduct such testing.

Boehm does not challenge the dismissal of his libel claim on appeal.

Boehm argues Kadillak v. Anaconda Co. , 184 Mont. 127, 602 P.2d 147 (1979) supports his position that the writ of mandate is an appropriate remedy for reversing a permitting decision. In Kadillak , a mining company submitted a deficient permit application, and, although the Land Board was expressly statutorily required to return an incomplete application, mark the deficiencies, and allow for correction, the Land Board approved the application. Kadillak , 184 Mont. at 143-44, 602 P.2d at 156-57 ; see § 82-4-337, MCA. We held that the petition for writ of mandate should be granted, finding that "[w]hat this Court is mandating, however, is not the undoing of an act . Rather, we are directing State Lands to perform an act which they have not done and which they had a clear legal duty to do." Kadillak , 184 Mont. at 143-44, 602 P.2d at 156-57 (emphasis added). Here, Boehm does not cite to any authority that requires the Sanitarian to return an application for correction of errors or otherwise compels the Sanitarian to take any other action prior to denying a permit.

In his reply brief, Boehm makes the alternative argument that Caes exercised discretion in revoking the permit, but that doing so "was an abuse of Caes' discretion" because Caes "attempted to override the prior issuance by Woodbury." Boehm cites State ex rel. Barnes v. Town of Belgrade , 164 Mont. 467, 524 P.2d 1112 (1974), for the proposition that even where discretion is involved, an abuse of discretion that amounts to no exercise of discretion at all will permit mandamus to issue for correction of the abuse. Assuming, arguendo , that this proposition as stated is correct, Boehm failed to make any showing that Caes' voidance of the previously-issued permit out of his concern for public health over the installation, as proposed, of a septic system on a floodplain, was impermissible under the Regulations, or that it amounted to a failure to exercise discretion at all.