FILED

12/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0272

DA 22-0272

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 239N

RICK MILLER, DDM,

       Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF LABOR and
INDUSTRY, BOARD OF DENTISTRY,

       Respondents and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-20-1152C
                Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Rick Miller, Self-Represented, Aberdeen, South Dakota

       For Appellees:

          Quinlan L. O'Connor, Graden Marcelle, Department of Labor and Industry,
          Helena, Montana

                  Submitted on Briefs:  November 10, 2022

                                Decided:  December 6, 2022

Filed:

                         _____
                                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rick Miller (Miller) appeals the decision of the Montana Eleventh Judicial District Court, Flathead County, dismissing his complaint and denying his writ of mandamus.

¶3 On July 26, 2011, Miller applied for a denturist license from the Montana Board of Dentistry (Board). He claims he has been trying to become licensed in the State of Montana since 1986. The Board issued a Notice of Proposed Board Action and Opportunity for Hearing in June 2012, notifying Miller of its proposed denial of his application for a denturist license. Neither Montana nor any other state has issued Miller a license, despite him applying for licensure in multiple jurisdictions. He has taken and failed the Board's written examination and lacks the educational and training requirements for licensure.

¶4 Miller requested a contested hearing to dispute the Board's denial in July 2012. The Department of Labor and Industry (Department) opened a contested case. On September 17, 2012, Miller petitioned to withdraw his appeal, so the hearing officer entered an order of dismissal vacating the contested case hearing. The Department has maintained the Final Order in Case No. 2012-DEN-NR756 regarding Miller's licensing applications.

¶5      On April 5, 2017, the Department received a complaint from an individual at Kalispell Denture Studio notifying the Board that Miller was representing himself as a denturist and practicing denturitry without a license at his business called Denture Solutions. The Department received another complaint from Miller's former client on April 12, 2017, notifying the Board that she responded to one of Miller's advertisements and paid him $1,600 to make dentures for her. Miller replied to these complaints and admitted that he did not hold a license to practice denturitry. The Board therefore enjoined Miller from practicing denturitry without a license on December 1, 2017.

¶6      In 2018, the Department received two more complaints alleging that Miller was advertising and performing denturitry services without a license. The Department sent Miller requests for responses to these allegations. Miller did not respond, and on March 8, 2019, the Board moved to refer the allegations to the full Board for consideration of injunctive action. In 2020, the Board received an additional complaint alleging that Miller was practicing denturitry without a license. Upon notice from the Board, Miller responded and provided medical records regarding the complaining patient, who he treated between May and July 2020. Despite the Board's denial of licensure in 2012, Miller has practiced denturitry without a license in Montana.

¶7      On December 10, 2020, Miller sued the Department demanding a denturitry license and arguing that the Department withheld his licensure on behalf of the Board when the Board and the American Dental Association improperly gained control over the denturitry industry in the mid-1980s. The Board and Department filed motions for summary

judgment on all of Miller's claims. The Department filed a counterclaim requesting that, unless he obtains a license in Montana to practice denturitry, Miller be enjoined from (1) engaging in the unlicensed practice of denturitry, (2) offering to practice denturitry, or (3) representing or implying that he practices denturitry in Montana. Miller moved to dismiss the Department's counterclaim, arguing that it lacked subject matter jurisdiction. He also moved for summary judgment, asserting that the Board's and the Department's actions are arbitrary and contrary to law.

¶8     The District Court dismissed Miller's complaint and mandamus action because "[t]he statutes cited by Miller concern the regulation of licensees or license applications" and "he is not licensed by the State of Montana to practice denturitry and is not a current license applicant." The District Court granted the Department's counterclaim and enjoined Miller from practicing denturitry based on the "plain language" of §§ 37-1-317 and 37-29-411, MCA, which "vest" the Board with the authority to seek injunctive relief for unlicensed practice. The District Court entered judgment following its Order, which Miller now appeals pro se.

¶9     We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839 (citation omitted). We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *Pilgeram*, ¶ 9 (citation omitted). The issuance of a writ of mandamus is a legal conclusion this Court reviews de novo.

4

*Jefferson Co. v. Dept. of Envtl. Quality*, 2011 MT 265, ¶ 16, 362 Mont. 311, 264 P.3d 715 (citation omitted). The writ is available only when the applicant is entitled to the performance of a clear legal duty against whom the writ is sought and there is no speedy and adequate remedy in the ordinary course of law. *Jefferson Co.*, ¶ 16 (citation omitted). On appeal from a District Court's review of an agency decision, we apply the same standard as the district court, determining "whether an agency's findings of fact are clearly erroneous and whether its conclusions of law were correct." *Roos v. Kircher Pub. Sch. Bd. of Trs.*, 2004 MT 48, ¶ 7, 320 Mont. 128, 86 P.3d 39 (citation omitted). Finally, while we generally seek to afford pro se litigants a certain amount of latitude, this latitude, cannot be so broad as to prejudice the other party, and it is reasonable to expect all litigants, including those acting pro se, to adhere to procedural rules. *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 26, 370 Mont. 103, 304 P.3d 375.

¶10 Section 37-1-131, MCA, grants professional and occupational licensing boards the authority to establish and enforce standards of professional practice to protect Montana consumers from professional services that compromise safety and health. To engage in the "practice of denturitry"[1] or offer denturitry services, an individual must hold a denturitry license. Section 37-29-301, MCA. *See also Wiser v. State*, 2006 MT 20, ¶ 18, 331 Mont.

---

[1] The "practice of denturitry" is defined as:
    (a) the making, fitting, constructing, altering, reproducing, or repairing of a denture and furnishing or supplying of a denture directly to a person or advising the use of a denture; or
    (b) the taking or making or the giving of advice, assistance, or facilities respecting the taking or making of any impression, bit, cast, or design preparatory to or for the purpose of making, constructing, fitting, furnishing, supplying, altering, repairing, or reproducing a denture. Section 37-29-102(6)(a)-(b), MCA.

28, 129 P.3d 133 (explaining that Montana requires a license to be engaged in the practice of denturitry to protect consumers from unsafe and below standard dental care).

¶11 Section 37-1-317, MCA, mandates the Board investigate and prohibit the practice of professional services by unlicensed individuals through injunctive action. "Unless otherwise provided by statute, a board may file an action to enjoin a person from practicing, without a license, a profession or occupation for which a license is required by this title." Section 37-1-317(2)(a), MCA. Section 37-29-411, MCA, provides:

> When it appears to the board that any person, firm, or corporation is violating any of the provisions of this chapter, the board may in its own name bring an action in a court of competent jurisdiction for an injunction against such violation, and the court may enjoin the person . . . .

¶12 We conclude the Board lawfully pursued injunctive relief against Miller. Miller has practiced denturitry without a license and has not met the minimum qualification for obtaining a license required by § 37-29-303(1), MCA. Nonetheless, he offered denturitry services to customers, who were injured. Accordingly, he is enjoined from engaging in the unlicensed practice of denturitry, offering to practice denturitry, or representing or implying that he practices denturitry in the State of Montana.

¶13 Further, we hold that Miller may no longer challenge the denial of his license for the practice of denturitry because he failed to contest the Board's denial to issue him a license in 2012. Instead of contesting the Board's decision, Miller requested the District Court—10 years later—issue a writ of mandamus directing the Board to grant Miller a denturist license. The District Court denied the petition for writ finding that it did not have subject matter jurisdiction.

6

¶14    Section 37-1-137(2), MCA, allows a person who has been denied a license application to contest the denial in a contested case hearing. The Montana Administrative Procedures Act (MAPA) governs the process for contested case hearings. MAPA requires that a person must exhaust all administrative remedies within an agency before a court will exercise judicial review of a final agency decision. Section 2-4-702, MCA. The exhaustion of administrative remedies is thus "a prerequisite to judicial review." *Hilands Golf Club v. Ashmore*, 277 Mont. 324, 331, 922 P.2d 469, 473 (1996). "The exhaustion doctrine allows a governmental entity to make a factual record and to correct its own errors within its specific expertise before a court interferes." *Flowers v. Bd. of Pers. Appeals*, 2020 MT 150, ¶¶ 8-9, 400 Mont. 238, 465 P.3d 210 (citations omitted). Each individual issue must have been properly raised, argued, or adjudicated pursuant to the administrative process for a case to be ripe for judicial review. *Flowers*, ¶¶ 8-9.

¶15    "A writ of mandamus is an extraordinary remedy to be granted only in rare cases." *City of Deer Lodge ex rel. City of Deer Lodge Ords. 130 & 136 v. Chilcott*, 2012 MT 165, ¶ 14, 365 Mont. 497, 285 P.3d 418 (citations omitted). A court may only take mandamus action where the applicant demonstrates "(1) [he] is entitled to performance of a clear legal duty by the party against whom the writ is sought and (2) there is no speedy and adequate remedy in the ordinary course of law." *Boehm v. Park County*, 2018 MT 165, ¶ 9, 392 Mont. 72, 421 P.3d 789; § 27-26-102, MCA. A writ of mandamus "is not available to cause the respondent to undo action already taken, or to correct or revise such action, however erroneous it may have been." *Boehm*, ¶ 11.

¶16 Section 37-29-303(1), MCA, requires that an applicant for a denturist license must submit documentation that demonstrates a passing grade on the examination for licensure, that the applicant "has completed formal training of not less than 2 years at an educational institution accredited by a national or regional accrediting agency recognized by the Montana state board of regents," that the applicant "has completed 1 year of internship under the direct supervision of a licensed denturist" or "has 3 years of experience as a denturist under licensure in another state . . . ."

¶17 First, the record establishes that Miller did not exhaust all administrative remedies. He has not applied for denturitry licensure since 2012. At that time, he could have proceeded to a contested hearing pursuant to MAPA and raised individual issues in front of the Board. *See Flowers*, ¶¶ 8-9. He failed to do so. Accordingly, the District Court properly concluded that Miller's claims lacked subject matter jurisdiction because the Board's denial of licensure is no longer justiciable.

¶18 Second, Miller has not demonstrated that he is entitled to a writ of mandamus because he has failed to demonstrate he has met the licensing requirements of § 37-29-303(1), MCA. The Board, therefore, is statutorily prohibited from issuing him a license without meeting the qualifications. Miller is not entitled to a writ of mandamus because the Board has no "clear legal duty" to grant Miller a license. *See Boehm*, ¶ 9.

¶19 Lastly, Miller contends that the Montana Unfair Trade Practices Act (MUTPA) provides him a cause of action against the Board for unfair trade practices in its regulation of denturists. His argument fails because the "MUTPA was created to apply to *businesses*,

not government." *Mont. Vending, Inc. v. Coca-Cola Bottling Co.*, 2003 MT 282, ¶ 34, 318 Mont. 1, 78 P.3d 499 (emphasis in original). "[A]s a matter of common sense, it is clear that the Legislature, in designing the regulatory structure for denturists and dentists, did not envision the [Board's] regulatory function could somehow constitute the unlawful restraint of trade." *Wiser*, ¶ 33. Miller makes conclusory arguments regarding unfair trade practices by the Board. The MUTPA does not apply in a cause of action against the Board since it is a professional licensing board. For this reason, we hold that the District Court did not err when it determined that the MUTPA "does not set forth any actionable legal claims that could entitle [Miller] to the relief sought[.]"

¶20　Miller is enjoined, unless he obtains a Montana license for denturitry, from engaging in the unlicensed practice of denturitry, offering to practice denturitry, or representing or implying that he practices denturitry in the State of Montana.

¶21　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶22　Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

9